UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEPHANIE FRIES

                              Plaintiffs,

v.                                             Civil Action No. _____

HOUSLANGER & ASSOCIATES, PLLC.,

                              Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and for intentional infliction of emotional distress under the common law of the State of New York.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff Stephanie Fries is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Houslanger & Associates, PLLC. (hereinafter "Houslanger") is a domestic professional service limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

7. Defendant regularly attempts to collect debts alleged to be due another.

1

8. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a credit card obligation First Consumers National Bank. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter allegedly defaulted on the subject debt.

12. In or about October 20, 1999 a judgment was entered against Plaintiff in the amount of $3,066.02 in Monroe County relative to an action that was filed in Supreme Court Monroe County bearing Index No. 1999-cv-12809 by First Consumers National Bank .

13. In or about November 16, 2000, Plaintiff partially satisfied the judgment in the amount of $1,104.68.

14. In or about June 2019, Plaintiff received an income execution from the Defendant dated March 27, 2019. The income execution stated that the judgment was filed October 27, 1999 and that Plaintiff still owed $3,066.02 for the judgment.

15. In or about September 2019, Plaintiff received an income execution for Defendant dated June 11, 2019. The income execution stated that the judgment was filed October 27, 1999 and that Plaintiff still owed $3,066.02 for the judgment.

16. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

17. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 16 above.

18. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

A. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), and 15 U.S.C. §1692e(10) by misrepresenting the date the judgment was entered.

B. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f by misrepresenting the amount still owed for subject debt.

C. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692f, and 15 U.S.C. §1692f(1) by attempting to collect an amount not owed for subject debt.

19. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully request that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: March 10, 2020

/s/Seth J. Andrews
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com